```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

Script Transform, LLC            )
                                 )
         Plaintiff,              )
                                 )
                                 )
                                 )
                                 )
      v.                         )   No. 20-CV-3872
                                 )
Motorola Mobility, LLC           )
                                 )
         Defendant.              )
                                 )
```

Memorandum Opinion and Order

In this action, plaintiff alleges that Motorola Mobility, LLC ("Motorola") "sells, offers to sell, and/or uses products and services" that infringe plaintiff's patent covering video-enabled baby monitoring technologies and "introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States." Compl. at 2. Motorola seeks to dismiss the action for improper venue under Fed. R. Civ. P. 12(b)(3) on the ground that Motorola's only connection to the accused products is that it: 1) licenses the MOTOROLA trademark to Binatone Electronics International, Limited ("Binatone"), a Hong Kong entity that manufactures the accused products outside of the United States and provides the products to its U.S. affiliate, the Exclusive Group, LLC, an Indiana entity, for marketing and sale throughout the United

1

States; and 2) displays information Binatone provides about accused products on a website Motorola owns. Because Motorola's uncontroverted evidence establishes that it does not conduct any potentially infringing activity in this judicial district, I grant its motion.

I.

The venue analysis in this case is substantively governed by the Federal Circuit's interpretation of 28 U.S.C. § 1400(b), "the sole and exclusive provision controlling venue in patent infringement actions"). *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). That section provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." In *TC Heartland*, the Supreme Court reaffirmed that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute. *Id*. at 1517. As all agree, Motorola is incorporated in Delaware and has a regular and established place of business in this judicial district. The only disputed issue, then, is whether Motorola "has committed acts of infringement" in this district.

To resolve that dispute in the context of a Rule 12(b)(3) motion, I look to the procedural requirements of the Seventh Circuit. *RAH Color Techs., LLC v. Quad/Graphics, Inc.*, No. 17 C 4931, 2018 WL

2

439210, at *1 (N.D. Ill. Jan. 16, 2018). "Under Rule 12(b)(3), which allows for dismissal for improper venue, the district court assumes the truth of the allegations in the plaintiff's complaint, unless contradicted by the defendant's affidavits." *Id*. (quoting *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016)). Accordingly, I may consider evidence the parties submit on the issue of venue when ruling on a 12(b)(3) motion to dismiss without converting the motion to one for summary judgment. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 810 (7th Cir. 2011). It is plaintiff's burden to establish that venue is proper, but plaintiff's evidentiary burden is low, as I resolve all factual conflicts in its favor. *RAH Color Techs.*, 2018 WL 439210, at *1 (citing cases).

II.

Although the complaint pleads that Motorola "sells, offers to sell, and/or uses" infringing products and "introduced" such products into the stream of commerce knowing they would be sold or used in this district, plaintiff offers no response to the testimony of Motorola's witnesses stating that Motorola has never made, used, or sold the accused products, nor has it imported them into the United States for these purposes. *See* Murawski Decl. at ¶ 16; Ulusoy Decl. at ¶ 8. As these witnesses explain, Binatone manufactures the accused products, which are branded MOTOROLA pursuant to Binatone's licensing agreement with Motorola, and the Exclusive Group imports the products into the United States and distributes them for sale.

3

Murawski Decl. at ¶¶ 8-10; Ulusoy Decl. at ¶¶ 6-7. Rather than offer any contrary evidence, plaintiff zeros in on the narrow theory that Motorola "offers to sell" the accused products in this judicial district by depicting them on websites it owns alongside a clickable button with the words "Buy Now." But this theory does not survive scrutiny because the undisputed evidence of Motorola's activities shows that they do not amount to an "offer to sell" as the Federal Circuit construes that phrase for infringement purposes.

The Federal Circuit defines "liability for an 'offer to sell' under section 271(a) according to the norms of traditional contractual analysis." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005) (internal quotation marks and citation omitted). This means that the offeror must "communicate[ ] a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Id*. (original alterations, internal quotation marks and citations omitted). The evidence to which plaintiff points does not satisfy this standard.

To begin, the Motorola-owned websites contain no pricing information, which plaintiff acknowledges is generally required for an offer to sell. *See, e.g., Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 966 (N.D. Ill. 2015) ("To constitute an 'offer to sell' under traditional contract principles, an offer requires a definite

4

price term, otherwise the offeree could make the offer into a binding contract by a simple acceptance."). It is true that there are exceptions to this rule, for example, when the offeror expresses an unequivocal intent to enter into a bargain at a price that is not fixed but is promised to be lower than the patentee's price. *See Marposs Societa Per Azioni v. Jenoptik Auto. N. Am.*, LLC, 262 F. Supp. 3d 611, 617 (N.D. Ill. 2017) (explaining that under such circumstances, "the lack of a fixed price would be attributable to the nature of the offer itself and would not betoken a lack of intent to enter into a bargain."). The circumstances here, however, bear no resemblance to those in *Marposs*.

In *Marposs*, the defendant made a sales presentation of the accused device in an effort to obtain business, and it expressed a willingness to sell the device for a price lower than the price the patentee offered. Here, by contrast, not only does Motorola provide no pricing information on the websites to which plaintiff points, but a consumer wanting to learn the price of an accused product must leave these websites and navigate to a different platform not owned or controlled by Motorola for pricing information and, if desired, to complete a purchase. Plaintiff speculates that "a typical consumer would have a reasonable apprehension of what the price was for purchasing" the products displayed on the Motorola-owned website, but this assertion lacks any evidence in the record, and I am not persuaded that a reasonable consumer would believe, given the limited

5

information on Motorola's websites, that by clicking the "Buy Now" button, he or she would conclude a bargain with Motorola.

At most, Motorola's websites amount to advertisements inviting consumers to take further action. Under general contract principles, however, "advertisements, catalogs, price lists and other promotional materials are generally considered invitations to solicit offers, not contractual offers themselves, unless they contain language of commitment or some invitation to take action without further communication," and thus do not amount to "offers to sell" for infringement purposes. *Engate, Inc. v. Esquire Deposition Servs.*, LLC, No. 01- C 6204, 2003 WL 22117805, at *9 (N.D. Ill. Sept. 10, 2003), aff'd, 208 F. App'x 946 (Fed. Cir. 2006); *see also Mahurkar v. C.R. Bard, Inc.*, No. 01 C 8452, 2003 WL 355636, at *7 (N.D. Ill. Feb. 13, 2003) (website and brochure lacking sufficient information to "enable[] a consumer to make an informed choice to purchase one of the accused products" did not amount to an "offer to sell"). The undisputed evidence here warrants application of the general rule that pricing information is required, not the exception.

Indeed, the record before me confirms that Motorola's role in the sale and marketing of the accused products is extremely narrow: it receives royalties for use of the MOTOROLA mark pursuant to a non-exclusive licensing agreement with Binatone, and it advertises the products using information that Binatone provides on websites that it owns. That is all. It never takes title to the accused

6

products (and so cannot transfer title to a purchaser), and it has no access to inventory. Murawski Decl. at ¶ 16; Ulusoy Decl. at ¶ 10. Moreover, Motorola informs potential customers through various means that Binatone, not Motorola, is the manufacturer of the accused products, and that the Exclusive Group, not Motorola, is the seller of those products. Ulusoy Decl. at ¶¶ 15-16. These undisputed facts cannot be reconciled with plaintiff's interpretation of Motorola's websites as offering to sell the accused products.

## III.

For the foregoing reasons, I conclude that plaintiff has not carried its burden of establishing that venue is proper in this district. Accordingly, Motorola's motion is granted and the complaint is dismissed without prejudice to refiling the action against the proper defendant(s) in an appropriate venue.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: March 1, 2021